# H. W. Churchill, Appellee, v. J. A. Richards, Appellant.

BROKERS AND FACTORS—*when commissions not earned.* In order that a successful claim for commissions may be made for effecting a sale, proof of employment or the acceptance of services rendered with knowledge of the claim for commissions must be established.

Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Reversed with finding of facts. Opinion filed October 14, 1911.

Herrick & Herrick, for appellant.

Richardson & Whitaker, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

Action brought by H. W. Churchill as plaintiff against J. A. Richards to recover for alleged services in bringing about the trade of a stock of goods for a farm in Shelby county between defendant Richards and one Kircher. Defendant Richards owned a stock of goods at Paris, Illinois; he was engaged in the real estate business as broker and trader, and resided in Piatt county. Plaintiff was a real estate broker residing in Shelby county. Plaintiff and defendant had been acquainted for a number of years and had theretofore made several trades. Defendant wrote to plaintiff, asking him if he had anything in Shelby county that he could trade for the stock of merchandise. This was the beginning of their negotiations in regard to this transaction. Plaintiff replied that he had one hundred and eighty acres that he thought could be traded for the stock of merchandise, and asked defendant to come to Shelby county to look at this farm. When defendant arrived there he found the farm belonged to one Richardson; he was introduced to Richardson by plaintiff for the purpose of effecting a trade of the farm for the stock of merchandise. Richardson was also a real estate dealer and resided in Shelby county. The farm did not suit defendant, the land was in two tracts, one, of one hundred acres, and the other, eighty acres. A trade was not made for this land. After this trade failed, Richardson then proceeded to negotiate with defendant by seeking a trade of the stock of merchandise for a farm belonging to one Kircher. Negotiations were then carried on for this trade. Parties visited the stock of merchandise

and defendant examined Kircher's farm. The farm was of greater value than he desired to handle and no trade could be effected for it unless a buyer could be found for the Kircher farm. Richardson, the real estate dealer of Shelby county, who was negotiating for Kircher, then consented to purchase the farm at a stipulated price per acre if defendant would trade with Kircher. This trade was then consummated, Kircher taking the stock of merchandise, defendant the farm, and Richardson purchasing the farm.

Plaintiff brings this suit for services on the theory that he was the means of bringing Richardson and Richards together, and it was through his efforts in this behalf that the trade between defendant and Kircher was finally consummated. Plaintiff does not contend that he was employed by defendant to find a purchaser or a person who would trade for the stock of merchandise, but insists that for the reason that defendant asked plaintiff, Churchill, if he had anything in Shelby county that he could trade for the stock of goods, that he is entitled to a commission for services by reason of his having introduced Richardson and defendant. It is not contended that he had anything to do with the transaction, other then introducing Richards to Richardson. In the trade between Richards and Kircher, Richardson, the real estate agent to whom defendant was introduced by plaintiff, was the agent of Kircher and was acting for and representing Kircher throughout the trade and received and was paid his commission by Kircher for its consummation.

Before plaintiff is entitled to recover it is incumbent upon him to show that he was employed or that his services were requested by defendant for the purpose of assisting him in securing a buyer or a person who was willing to trade his property, either upon the terms submitted by defendant or upon the terms after-

ward agreed upon by him, either with the plaintiff or with some person produced by the plaintiff.

Upon the question of employment, plaintiff relies wholly upon a letter written by defendant to him of date July 20, 1908, the language of which is as follows: "Have you anything in your county that is good, clear of encumbrance, that you could trade for this stock or part of same, say the hardware?" This communication in no way requested plaintiff to find a buyer for his stock of merchandise nor was it a request by defendant that the plaintiff should find a person for him who would trade for the property. This letter, addressed to the plaintiff as a real estate agent, was nothing more than an inquiry of the plaintiff whether he was representing any property as agent for parties who would be willing to trade for this stock of merchandise; and plaintiff treated the inquiry as such and replied, either by telephone or by letter, notifying defendant that he had a tract of one hundred and eighty acres that he thought could be traded for this stock of goods. In response to this, defendant went to Shelbyville, where he met the plaintiff. He was then introduced to Richardson who owned the land the plaintiff thought could be traded for the stock of merchandise. Plaintiff did nothing further than to introduce defendant to Richardson and told them to make their trade. No trade was, however, consummated for this land, and it was after defendant declined a trade with Richardson that Richardson, also in the real estate business, took up the question of the trade with defendant for the Kircher land; in this trade Richardson represented Kircher the same as Churchill represented Richardson in the attempted trade for the Richardson land. The trade was consummated and Kircher paid Richardson for his services. Richardson never disclosed that he was representing Churchill and defendant had no knowledge of such a contention. Rich-

ardson by reason of his representing Kircher and receiving a commission from him for the trade could not claim to be, or receive compensation as, a representative of defendant.   Richardson in no manner disclosed that he was the representative or was the agent of Churchill and dealt with defendant as an agent representing Kircher and defendant had the right to deal with him as such agent representing Kircher as principal.   Instead of disclosing any agency as is now claimed by Churchill through Richardson, Kircher in his testimony says that at the time of the negotiations Richardson said Churchill was not interested and was not known in the deal.   Churchill was not acquainted with and never knew Kircher until long after this trade was consummated.   In fact, never knew that Kircher had any land for trade or sale and he was not instrumental in any manner in bringing about the trade between Richards and Kircher, and never having been employed by Richards for the purpose of securing a person who would trade for this property he is not entitled to recover in this action.

From the conclusions arrived at upon this record, it is unnecessary  to determine  the other questions raised.   The clerk will enter in the judgment of this Court the finding of fact that there was no employment by Richards of Churchill and that Churchill did not bring about the trade between Richards and Kircher.

*Reversed with finding of fact.*